Mr. Justice Cox
delivered the opinion of the court.
This case was submitted to us on briefs. The action was brought in the first instance before a justice of the peace, removed on certiorari to this court, tried at the Special Term and brought here upon a motion for a new trial on exceptions. The facts are, that a gentleman named Stiles, a lawyer, deposited 44 volumes of Wisconsin Reports -with. Frederick Selinger, a licensed pawnbroker, as security for a loan of $26, and received from him on the 3d of January, 1882, a pawn ticket for one month, stating that the pledge must be redeemed or the ticket renewed on or before the 3d of February, or the articles pledged would be forfeited. By an act of the legislative assembly, it is provided that, upon default of payment of any debt secured by a pledge in this way, the pawnbroker shall be at liberty, three months from the date of the forfeiture, to sell the property, after having duly advertised it for sale in the two ■ papers^g^fhe largest circulation in this District. Therefore the time within which the pledge could be redeemed would expire on the 3d day of May, 1882 ; but, instead of waiting for that time, the pawnbroker, on the 29th of April, advertised to sell certain forfeited pledges in the form following: ' '
*430 “ Foley, Auctioneer.

“ Auction Sale of Forfeited Pledges.

“ I will sell for F. Selinger, at 737 7th street, n. w., commencing Saturday, April 29, 1882. This sale will consist of ladies’ and gents’ gold and silver watches, jewelry, clothing,, boots, shoes, books, guns, revolvers, plated ware, &c., &c.,°and will continue evenings at 7 o’clock until every lot has been sold. Persons holding tickets the time on which having expired will please take notice.
“ Foley, Auctioneer.
“ F. Selinger, Broker.”
The objections made to this by the pledgor are, in the first place, that the advertisement was premature, and that he vras not bound to take notice of an advertisement of his property before the expiration of the full time, and in the second place, that the description of the property was not sufficient to put him upon inquiry; and we suppose that both these objections are good. Nevertheless, the sale commenced on the 29th of April and continued until the 8th day of May, when these books, 44 volumes of Wisconsin Reports, valued at $3 per volume, were put up and bought in by the pawnbroker himself, for the amount of his debt, $32.50, and a few days afterwards they were sold at private sale by him to another party. At the trial, the counsel for the plaintiff objected to the admission of this advertisement in evidence, because of its insufficiency in the particulars I have already mentioned ; and, having been overruled in that objection, he asked the court to give the jury the following instructions :
1. If the jury believe from the evidence that the defendant sold the pledged property without first publishing a notice of the time “and place of sale and therein sufficiently describing the property so that it could be identified as “ Wisconsin Reports,” said sale was a tortious conversion and entitles the plaintiff to recover from the defendant the value of' the property, less the amount already advanced, and interest.
*431 2. That the purchase by the pledgee at his own sale, or sale by him to a third person, of the article pledged, at pi'ivate sale, was a tortious conversion and entitles the pledgor to elect to recover from the pledgee the value of the property pledged, or treat the bailment as continuing.
-3. That if, the pledgee purchased at his own sale, and the pledgor elects to treat the bailment as continuing, then a sale of the pledged property to a third person at private sale is a tortious conversion, and entitles the pledgor to recover from the pledgee, the value of the property, less the amount already advanced and interest, and this although no tender had been made of the amount due.
4. If the jury believe from the evidence that, after the property was sold and purchased by the pledgee, he agreed to hold the pledge for the pledgor for a longer time, then the bailment was re-established.
All these propositions of law we think to be correct. The trouble is about their application to this particular form of action. If a man converts personal property to his own use, and he sells it and gets the money for it, the party injured has two remedies, viz., either trover, to recover the full value of the property; or assumpsit, for money had and received. But in the latter case he recovers only the amount actually received by the tort feasor from the sale of the property.
This is an action for debt. It is not an action for money had and i’eeeived, apparently, but an action upon a debt due for goods sold. The suit was commenced before a justice of the peace upon a bill of particulars in this form :
“ Mr. Frederick Selinser
To Horace Stiles, Dr.
“ To 44 volumes of Wisconsin Law Reports - - - $130
“ Cr. by cash advanced and interest......80
Leaving a balance of........$100”
So that, to make sense at all out of this, it must be regarded as an action for goods bargained and sold. But the facts in this case do not sustain that action at all. If we can give this- any other sort of significance as an action for *432 debt, it is at best an action of debt for money had and received 5 that is, for the proceeds of these law reports. In that case the plaintiff would be entitled only to the amount received for them by Selinger, less the amount advanced with interest thereon ; and that is exactly what the court allowed him. So that although there may have been error in the ruling of the court below on the propositions of law, the result is right in this form of action. For these reasons the judgment will have to be affirmed, although the law of the counsel for the plaintiff would have been correctly stated if the action had been properly brought.